UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YNDALECIO GAONA,

    Petitioner,        Case Number: 2:13-cv-13204
                   HON. VICTORIA A. ROBERTS

v.

DUNCAN MACLAREN,

    Respondent.
_____/

**<u>OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS
CORPUS, (2) GRANTING CERTIFICATE OF APPEALABILITY IN PART, AND
(3) GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL</u>**

Petitioner Yndalecio Gaona is a state inmate at the Kinross Correctional Facility in Kincheloe, Michigan. He filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his convictions for assault with intent to commit murder and possession of a firearm during the commission of a felony.

For the reasons explained, the Court denies the petition for a writ of habeas corpus, grants a certificate of appealability in part, and holds that an appeal could be taken in good faith.

**I. Background**

Petitioner pleaded guilty in Kent County Circuit Court to assault with intent to murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. He filed an application for leave to appeal in

the Michigan Court of Appeals presenting the following claim:

> Defendant must be resentenced where his sentence was based on inaccurate information, incorrectly scored guidelines, a counsel-less misdemeanor, and the trial court failed to properly individualize the sentence to the offense and the offender.

The Michigan Court of Appeals denied leave to appeal. *People v. Gaona, Jr.*, No. 306381 (Mich. Ct. App. Apr. 23, 2012). The Michigan Supreme Court also denied leave to appeal. *People v. Gaona, Jr.,* 491 Mich. 911 (Mich. Apr. 23, 2012).

Petitioner then filed a habeas corpus petition in this Court raising the same claim raised on direct appeal and a motion asking for a stay to allow him to exhaust a second claim in state court. (ECF No. 1, 3.) The Court granted the motion and imposed certain conditions under which Petitioner was required to proceed, including initiating state court collateral review within sixty days, and returning to this Court within sixty days of the conclusion of state court proceedings. (ECF No. 5.)

Within sixty days, Petitioner filed a motion for relief from judgment in the trial court asserting that he received ineffective assistance of trial and appellate counsel. (*See* ECF No. 17-7.) The trial court denied the motion, (ECF No. 17-8), and denied Petitioner's motion for reconsideration. (ECF No. 17-10.). The Michigan Court of Appeals denied Petitioner's application for leave to appeal. *People v. Gaona*, No. 335565 (Mich. Ct. App. Feb. 17, 2017). Petitioner did not seek leave to appeal in the Michigan Supreme Court. *See* Affidavit of Larry Royster, Nov. 8, 2018 (ECF No. 17-12).

On October 13, 2017, Petitioner moved to reopen this proceeding. (ECF No. 13.)

The Court granted the motion, reopened the case, and directed Respondent to file an answer. (ECF No. 14.) Respondent filed an answer and the relevant state court record. (ECF No. 16-17.)

## II. Standard

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting*

*Williams*, 529 U.S. at 413). For a state court's application of Supreme Court precedent to be "'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Id.* at 520-21 (citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir.2003).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th

4

Cir. 1998).

### III. Discussion

### A. Sentencing Claims

In his first claim, Petitioner argues that his sentence violates due process because it was based upon inaccurate information. Specifically, he maintains that the trial court erred in scoring Prior Record Variables (PRV) 5 and 6.

In a summary order, the Michigan Court of Appeals denied this claim for "lack of merit in the grounds presented." *People v. Gaona*, No. 306381 (Mich. Ct. App. Nov. 22, 2011). This summary order is presumed to be an adjudication on the merits to which AEDPA deference applies. *See Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). Petitioner offers no justification for overcoming the presumption that this claim was adjudicated on the merits, and the Court finds none. AEDPA's deferential standard of review applies.

Petitioner asserts that he is entitled to federal habeas relief because the state trial court incorrectly scored ten points for PRV 5, which accounts for prior misdemeanor convictions. *See* Mich. Comp. Laws § 777.55(c). Under PRV 5, ten points are scored where a defendant has three prior misdemeanors. *Id.* Petitioner claims that one of the three misdemeanor convictions (for possession of marijuana) should not have been counted because he was not represented by counsel.

Under clearly established Supreme Court authority, a sentencing court may not rely on an uncounseled misdemeanor conviction to enhance a sentence if the conviction

resulted in actual imprisonment. *Nichols v. United States*, 511 U.S. 738, 747-48 (1994). To invoke this principle, however, a criminal defendant bears the burden to show both that he did not voluntarily waive counsel and that the misdemeanor conviction resulted in the imposition of a jail sentence. *Id.* at 746–47. Here, Respondent argues that, while the marijuana misdemeanor conviction was uncounseled, the trial court properly considered it because Petitioner was not sentenced to actual imprisonment.

Petitioner was sentenced to thirty days imprisonment for the misdemeanor conviction at issue, with thirty days credit for time-served. (*See* ECF No. 17-2, PageID.224.) So the operative question here is whether a sentence for time served constitutes actual imprisonment. Petitioner points to no Supreme Court precedent, and the Court is aware of none, establishing that a sentence of time served, with no additional prison or jail time, constitutes actual imprisonment, triggering the Sixth Amendment's right to counsel. In *United States v. Cook*, 36 F.3d 1098, 1994 WL 514528, *4 (6th Cir. 1994) (unpublished table decision), the Sixth Circuit Court of Appeals held that an uncounseled misdemeanor conviction that resulted in a sentence of one day time served was not properly considered in calculating federal sentencing guidelines. But "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' ... [and] therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012). Indeed, other federal courts have held that a sentence for time served does not implicate the Sixth Amendment's right to counsel. *See Glaze v. Warden Ridgeland Corr. Inst.*, 481 F. Supp. 2d 505, 510 (D.S.C.

2007) (finding no "established federal law supporting [petitioner's] claim that a 'time served' sentence constitutes an imposition of a term of imprisonment such that it may not be imposed absent the benefit of counsel"); *United States v. Marvin*, No. 98-200-01, 2002 WL 32350547, *3 (E.D. Pa. June 17, 2002) ("Defendant received a sentence of 15 days jail time credit, 'time served' for his New Jersey conviction which does not qualify as imposed jail time.").[1]

Because there is no clearly established Federal law holding that a state court may not rely on an uncounseled misdemeanor conviction which resulted in a sentence of time served, Petitioner cannot establish that the Michigan Court of Appeals' opinion denying this claim is contrary to, or an unreasonable application of, clearly established Supreme Court precedent and habeas relief is denied.

Petitioner also challenges the scoring of PRV 6. PRV 6 assesses the defendant's relationship to the criminal justice system. Mich. Comp. Laws § 777.56(1). This PRV should be scored with ten points if the offender was "on parole, probation, or delayed sentence status or on bond awaiting adjudication or sentencing for a felony" when he committed the offense for which he is being sentenced. Mich. Comp. Laws § 777.56(1)(c).

---

[1] *See also* Marceau & Rudolph, The Colorado Counsel Conundrum: Plea Bargaining, Misdemeanors, and the Right to Counsel, 89 Denv.L.Rev. 327, 361 n.199 (2012) ("The majority of courts that have considered the issue have held that sentences of 'time served' do not constitute 'actual imprisonment' for Sixth Amendment right to counsel purposes.).

Petitioner fails to show that the Michigan Court of Appeals' decision denying this claim was contrary to, or an unreasonable application of, federal law. "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). And "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). So Petitioner's claim that the trial court incorrectly scored PRV 6 is not cognizable on federal habeas review.

Petitioner attempts to convert this claim into a cognizable federal constitutional claim by arguing that the scoring of PRV 6 was based upon inaccurate information. It is true that a sentence based on "extensively and materially false" information which the defendant had no opportunity to correct may state a federal due process violation. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). The record shows that Petitioner had a sentencing hearing before the state trial court with an opportunity to challenge the scoring of the guidelines. Petitioner did not challenge the scoring of PRV 6 at his sentencing hearing, but presented this claim to the state appellate courts and was denied relief. Petitioner fails to establish that the trial court relied upon materially false or inaccurate information in imposing his sentences which he had no opportunity to correct. No due process violation occurred.

## B. Ineffective Assistance of Counsel

In 2013, the Court stayed this proceeding to allow Petitioner to raise ineffective assistance of trial and appellate counsel claims in state court – claims not raised in the

8

petition. (ECF No. 5). Respondent maintains that these claims are not properly before the Court because Petitioner did not raise the claims in his petition and, after the Court lifted the stay, did not seek to amend his petition to raise them..

When the Court stayed this proceeding, the Court required Petitioner to file a motion to lift stay *and* an amended petition within sixty days after the conclusion of the state court proceedings. (*See* ECF No. 5, PageID.37.) Petitioner moved to lift the stay, but did not file an amended petition at any time. Accordingly, the ineffective assistance of counsel claims have not been properly raised in this Court.

Alternatively, even if the claims are properly before the Court, Petitioner is not entitled to relief because they are procedurally defaulted. A petitioner must exhaust state court remedies before filing a habeas petition by presenting each federal constitutional claim through one full round of state-court appellate review. 28 U.S.C. § 2254(b); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990). Petitioner raised these claims for the first time in his state court motion for relief from judgment. (See ECF No. 17-7.) After the trial court denied his motion, Petitioner failed to present these claims in accordance with state court rules in the Michigan Court of Appeals, and failed to seek leave to appeal in the Michigan Supreme Court. Thus he did not proceed through one complete round of appellate review as is required to properly exhaust state court remedies. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (holding that a petitioner properly exhausts a claim by presenting it to both the state court of appeals and the state supreme court). These claims, therefore, are

unexhausted.

Petitioner can no longer exhaust these claims because he already filed a motion for relief from judgment in the state trial court and does not argue that his claims fall within the narrow exception to the prohibition against filing successive motions for relief from judgment in state court. Because no remedy remains available to Petitioner to exhaust state remedies, the Court will not dismiss the petition for lack of exhaustion. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995).

At the same time, the Court will not address the merits fo these unexhausted claims unless Petitioner can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Id.* at 1196 (*citing Coleman*, 501 U.S. at 750-51). To the extent that Petitioner alleges that his appellate attorney's ineffectiveness constitutes cause to excuse the default, it does not. Ineffective assistance of appellate counsel does not excuse his failure to fully present this claim on collateral review. *Hannah*, 49 F.3d at 1196.

These claims are procedurally defaulted and barred from review unless Petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice, which requires a showing of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327. Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore, the Court denies

these claims.

## C. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

Here, jurists of reason could debate the Court's resolution of Petitioner's claim that the trial court improperly relied on an uncounseled misdemeanor when sentencing Petitioner. Therefore, the Court grants Petitioner a certificate of appealability on that issue. The Court finds that reasonable jurists would not debate the Court's conclusions with respect to Petitioner's remaining clams and denies a certificate of appealability on those claims.

## IV. Conclusion

For the reasons stated above, the Court DENIES the petition for a writ of habeas corpus. The Court GRANTS a certificate of appealability as to Petitioner's claim concerning his uncounseled misdemeanor conviction. The Court DENIES a certificate of appealability as to Petitioner's remaining claims.

The Court grants Petitioner leave to proceed on appeal *in forma pauperis*.

SO ORDERED.

                                                s/ Victoria A. Roberts
                                                VICTORIA A. ROBERTS
                                                UNITED STATES DISTRICT JUDGE

DATED: 6/29/2021